WHIPPLE ET AL., RESPONDENTS, *v.* STUART, APPELLANT.

(No. 1,369.)

(Submitted November 14, 1901.    Decided December 23, 1901.)

*Appeal—Evidence—Harmless Error—Partnership — Dissolution—Accounting—Partnership Property—Partners' Rights —Natural Hay Grown on Government Land.*

1.  Where, in an action for an accounting between the members of a firm engaged in operating a ranch on government land, defendant recognized that plaintiff had succeeded to the interest of defendant's former partner, and that the lands had been used by plaintiff and defendant for the purposes of the business of both, error, if any, in admitting in evidence a deed from defendant's former partner to plaintiff for her interest in such land on the ground that the grantor could not convey any title to the government land, was harmless.

2.  Where a ranch partnership agreement provided that the firm should continue as long as the parties could mutually agree, and defendant notified plaintiff that he would not consent to the buying of a bull which plaintiff desired to buy to improve the concern's cattle, and defendant staked off 160 acres of the government land that had been used in the business, and notified plaintiff that he intended to hold the same as his own, the bull subsequently purchased by the plaintiff was not the property of the firm.

3.  Where a firm engaged in cattle raising fenced a ranch on government land, which they used in common for the purposes of the business, and defendant, one of the partners, staked off 160 acres of the land within the fences for his private use, and claimed the same as his own, such partner was not entitled to the natural hay growing on such 160 acres as against the other members of the firm, on the pretense that such natural hay was *fructus naturalis* on government land, and therefore became the property of the first taker.

*Appeal from District Court, Broadwater County; F. K. Armstrong, Judge.*

ACTION by C. A. Whipple and H. D. Taylor against J. C. Stuart for an accounting between the parties as partners. From a judgment in favor of plaintiffs, defendant appeals. Modified and affirmed.

*Messrs. Shober & Rasch,* for Appellant.

*Mr. E. H. Goodman,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

This cause is on appeal from the judgment, the appeal from an order denying a motion for a new trial having been dismissed. The cause was tried by the district court sitting without a jury.

Plaintiffs complained and alleged that they were at the time of the commencement of the action copartners with the defendant in the use, management and ownership of certain buildings and other improvements upon government lands, the possession of which lands they held for the use of the partnership business, and in the use, management and ownership of certain horses, mules, cattle, machinery, hay, one bull, etc.; that plaintiffs procured their alleged partnership interest in the lands and improvements by purchase from a former partner of the defendant, with his consent, and with the understanding with him that they should be his partners; that on February 11, 1898, plaintiffs and defendant had an accounting of the partnership affairs, whereupon it was found that plaintiffs owed defendant about $110, and that it was thereupon agreed and understood that the partnership should continue so long as plaintiffs and defendant could mutually agree; that thereafter, some time in 1898, defendant took exclusive possession of about 200 acres of said land, claiming to be the exclusive owner thereof, and refused to allow the plaintiffs to use the farming implements and certain other partnership property formerly used in the operations of the ranch, thus requiring plaintiffs

to buy harness and machinery to carry on the business; that defendant refused to contribute any money for the care of their range stock, or to provide for any increase thereof, or for the care of the stock during the following winter; that defendant told plaintiffs that he did not care to and would not do anything to increase the partnership property, etc. Plaintiffs prayed for a decree dissolving the partnership and appointing a receiver to wind up the affairs of the alleged partnership.

Defendant denied all allegations of the complaint, except that he stated that "plaintiffs and defendant are joint owners in certain personal property consisting of horses, mules, cattle, and other personal property, and that this defendant is one-half owner of the same," and admitted that there is an unsettled account between plaintiffs and defendant, and declared "that there will be found due this defendant, upon a full settlement and accounting, a large amount of money due and owing this defendant from said plaintiffs." He further stated that plaintiffs "are in possession of said joint property in same manner as this defendant, and that this defendant is equally interested in the care and custody of said property as the plaintiffs;" that defendant has repeatedly demanded a division of said personal property, but that plaintiffs have always refused to consent to such a division being made; and that defendant is anxious to have an accounting and a proper division.

All of the evidence is before us. Much of the appellant's argument is devoted to alleged error of the court in receiving quitclaim deeds, a bill of sale, and other evidence as to the manner in which plaintiffs purchased their interest in the concern, referring particularly to the public land occupied by grantors of plaintiffs, including one Mrs. Hirt, from whom plaintiffs bought their interest in the ranch property and business; defendant contending that no interest or title in or to government land could be obtained by means of conveyance from any former occupant or occupants. Defendant, in his testimony, says that he recognized that plaintiff Whipple had succeeded to the interest of Mrs. Hirt, and admits that the lands

had been used by plaintiffs and defendant for the purposes of the business of both; it is therefore immaterial, so far as the question of the relation between the parties in the business of all or any of them is concerned, whether plaintiffs had any title from the government or not, and the admission of the evidence does not affect the case in any way.

The court found all the issues in favor of the plaintiffs, and entered its judgment and decree accordingly.

There was sufficient evidence before the court—although it was conflicting—to sustain the court, except as to its finding concerning a certain bull, in its holding that the plaintiffs and the defendant were partners in the business mentioned, and that all the property mentioned in the decree, including the possession of said lands and all of them, was partnership property.

According to the terms of the agreement as testified to by plaintiff Whipple, whose statement the court found to be true, the partnership was to last as long after February 22, 1898 (averred in the complaint to be February 11, 1898), as the plaintiffs and the defendant could mutually agree. It seems to be a fact that about July 2, 1898, the defendant pointedly and decidedly notified plaintiffs by word and deed that he intended to hold as his own about 160 acres of the land which had been used in the business, and that he would not consent to the buying of a bull which plaintiff Whipple insisted must be had to improve the concern's cattle. After this rupture of their relations, Mr. Whipple bought the bull. As a matter of law, the court erred in holding the animal to be partnership property, it having been bought after the partnership ceased.

It is alleged that the court also erred in law in holding that the natural hay growing upon the 160 acres of land which defendant, on July 2, 1898, declared he proposed to hold, he having a little while before staked it off for his own private use, was partnership property. We think the court did not err in this matter. The land thus merely staked off by defendant lay within the concern's company fence, within which fence, and without which staked land, were the dwelling, stables and

corrals belonging to the ranch property. It cannot be maintained that two persons, associated in business, having gone upon the public domain, and having inclosed sufficient land for their enterprise in the raising and keeping of live stock, and having built or kept up houses and corrals thereon, and protected by their partnership fence the grass growing upon the land, one of the parties may, against the will of the other, stake out a large part of the land within the fence, and lawfully appropriate to his sole and private use the grass thereon upon the pretense that it is *fructus naturalis* on government public land. This is not lawful, any more than that one of two men, who, having driven certain coyotes into an inclosure on public land, which the two by joint enterprise have constructed for the purpose of capturing coyotes in order to secure the scalp bounties, can lawfully round up all or any of the animals, and hold them as his private property, against the will of his associate in the business, merely alleging in defense of his act that the animals are *ferae naturae*. As between the parties, the grass fit for hay, protected by their joint efforts, was, the government not objecting, for the use of all the parties in the ranch business, it being valuable property at the time of the withdrawal of the defendant.

We find no error in the record on appeal from the judgment, except as to the holding of the court as to the bull, and the judgment should be modified to decree the animal never to have been partnership property, but to be the sole property of the plaintiffs.

It is ordered that the judgment be modified as indicated in the foregoing opinion, and, when so modified, that the judgment and decree be affirmed. Costs of appeal to appellant.

*Modified and affirmed.*